UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22283-CIV-LENARD/GARBER

1550 BRICKELL ASSOCIATES

    Plaintiff,

v.

QBE INSURANCE CORPORATION

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received Plaintiff's Renewed Motion to Strike Defendant's Rebuttal Witnesses [DE 257], Defendant's Response [DE 261], and Plaintiff's Reply [DE 262].  The Court also held a hearing on the matter on May 13, 2010.

1550 represents a pair of buildings located in the Brickell corridor.  QBE is the insurance company with whom 1550 had a policy covering the buildings.  On October 25, 2005, Hurricane Wilma struck Miami, damaging 1550's buildings.  1550 made a claim on the policy, and the dispute underlying this action arose.  Eventually, 1550 filed a three-count complaint against QBE.

This case was administratively closed pending a decision from the Florida Supreme Court which would have been dispositive of one of 1550's three counts.  The Plaintiff, however, voluntarily dismissed the claim that caused the stay, and the case was recently re-opened.  Last year, QBE filed a motion to strike 1550's witnesses as untimely [DE 160].  The Court denied the motion to strike, but allowed QBE to file a list of opposing experts [DE 192].

1550 seeks to strike two of QBE's three rebuttal witnesses. 1550 argues that these two witnesses are not rebuttal witnesses, rather they are being proffered for entirely new areas—weather conditions and wind calculations. 1550 contends that QBE did not identify these two experts in its initial disclosures or on its initial expert witness list and has simply named these additional experts in order to further add to the expense of this litigation. Furthermore, in its Reply, 1550 notes that QBE's rebuttal witnesses would only be providing cumulative testimony, as QBE had already designated Dan Lavrich and Sherry Hankal to testify regarding causation. Last, 1550 argues that it would be prejudiced if new witnesses were introduced at this time as 1550 would have to incur additional expense, and in all likelihood require an additional extension to the already lengthy amount of time that has passed since this lawsuit was filed in 2007.

QBE argues that pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), rebuttal witnesses are entitled to "contradict or rebut evidence on the same subject matter identified by an initial expert witness." There is little federal law that defines "same subject matter." QBE contends that the "subject matter" at issue is the causation of damage and since there is no requirement that rebuttal witnesses be from the same background or specialty as the expert rendering the initial opinion, the methodology does not need to be the same either. Therefore, QBE argues, their rebuttal witnesses, Brian Jarvinen ("Mr. Jarvinen")and Dr. John Peterka ("Dr. Peterka"), may render true rebuttal testimony regarding causation by using different methodologies than Plaintiff's witnesses. QBE points to some of 1550's witnesses that are expected to testify regarding causation, John Pistorino ("Mr. Pistorino") and Richard Horton ("Mr. Horton"); and James Trowbridge ("Mr. Trowbridge"), who QBE contends is an expert that is expected to testify about wind calculations.

However, 1550 claims that it has not named experts in the areas of wind calculations or weather patterns. On their expert disclosure, 1550 states that Mr. Trowbridge is not believed to be

an expert witness, he is a fact witness and he was included on the expert witness list as a precaution because another expert is relying on his testimony. *See* DE 171 at 2. 1550 states on its disclosure that he will "simply be describing the conditions that he observed upon which Mr. Pistorino's testimony is based in part." *Id*. At the hearing, 1550 stated that Mr. Trowbridge will only be discussing the wind load that 1550 can withstand. QBE represented that its witness, Mr. Jarvinen would be discussing wind speeds at the site.

After hearing oral argument and considering the filings, it is apparent to the Court that Mr. Jarvinen and Mr. Perteka would be testifying on entirely new subject areas cloaked under the guise of the more general topic of "causation." QBE cites to *TC Systems, Inc. v. Town of Colonie, NY* for the proposition that the phrase "same subject matter" should not be so narrowly construed so as to impose additional restrictions on parties. 213 F. Supp. 2d 171, 180 (N.D. N.Y. 2002); DE 261 at 2-3. While the Court agrees with this general concept, in this instance it appears that QBE is trying to use their rebuttal witnesses to introduce new topics. In the Court's view, this would prejudice 1550. Because Mr. Jarvinen and Dr. Peterka would be testifying on subject areas that are different from 1550's initial disclosures, this would require additional time and expense on 1550's part in order to address their testimony.

QBE's contention that any prejudice resulting from the disclosure of rebuttal witnesses from different practice areas can "easily" be cured through "cost-efficient and time-efficient means" is not convincing. DE 261 at 7. A denial of this motion would further prolong discovery and very likely the trial date of a case that has been drawn out for various reasons since 2007. Furthermore, these witnesses would be providing cumulative testimony as QBE has already disclosed witnesses that will testify about causation. Accordingly, it is hereby

ORDERED that 1550's Renewed Motion to Strike Defendant's Rebuttal Witnesses (Brian Jarvinen and Dr. John Peterka) is hereby GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 13th day of May, 2010.

                                                BARRY L. GARBER
                                                UNITED STATES MAGISTRATE JUDGE