UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22283-CIV-LENARD/GARBER

1550 BRICKELL ASSOCIATES

    Plaintiff,

v.

QBE INSURANCE CORPORATION

    Defendant.
_____/

# **ORDER**

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received Defendant's Motion for Reconsideration [DE 275], Plaintiff's Response [DE 277], and Defendant's Reply [DE 281].

1550 represents a pair of buildings located in the Brickell corridor.  QBE is the insurance company with whom 1550 had a policy covering the buildings.  On October 25, 2005, Hurricane Wilma struck Miami, damaging 1550's buildings.  1550 made a claim on the policy, and the dispute underlying this action arose.  Eventually, 1550 filed a three-count complaint against QBE.

This case was administratively closed pending a decision from the Florida Supreme Court which would have been dispositive of one of 1550's three counts.  1550, however, voluntarily dismissed the claim that caused the stay, and the case was recently re-opened.  Last year, QBE filed a Motion to Strike 1550's witnesses as untimely [DE 160].  The Court denied the Motion to Strike, but allowed QBE to file a list of opposing experts [DE 192].  After QBE filed the list, 1550 filed a Motion to Strike two of QBE's three rebuttal witnesses [DE 257].  The Court granted the Motion

on the grounds that the witnesses would testify in entirely new subject matters, rather than in opposition to the testimony of 1550's expert witnesses [DE 270].

QBE now moves the Court to reconsider the Order Granting Plaintiff's Motion to Strike Defendant's Rebuttal Experts. It is proper for the Court to reconsider an order when there is "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). QBE argues that the rebuttal witnesses at issue should be allowed to testify because the opinions of 1550's expert engineering witness, John Pistorino, implicate the testimony of QBE's disputed witnesses regarding wind conditions. QBE also claims that rebuttal experts need not specialize in the same area as the plaintiff's expert witnesses. *See TC Sys., Inc. v. Town of Colonie, NY*, 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002). Moreover, according to QBE, allowing the rebuttal experts to testify would not prejudice 1550 because the expert witnesses that 1550 has already retained can address the issues discussed by the rebuttal experts, and because 1550 had sufficient time to depose the rebuttal experts. In fact, QBE alleges, refusing to allow the rebuttal experts to testify would prejudice QBE because QBE would be unable to refute significant portions of the testimony of 1550's expert witnesses.

1550 argues that QBE's motion is simply a restatement of its arguments that the Court already rejected, which does not warrant reconsideration. *See State Contracting & Eng'g Corp. v. Condotte America, Inc.*, Case No. 97-7014, 2005 U.S. Dist. LEXIS 22144, at *5 (S.D. Fla. May 27, 2005). 1550 explains that to obtain reconsideration, the moving party must satisfy a high burden involving "facts or law of a 'strongly convincing nature' that would induce a court to reverse its prior decision." *Burger King*, 181 F. Supp. 2d at 1369 (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D.

689, 694 (M.D. Fla. 1994)). According to 1550, QBE's restatement of its earlier arguments does not come close to meeting this burden. Moreover, 1550 claims that its experts will not testify as to wind conditions; rather, they will testify as to the buildings' ability to withstand winds as mandated by Florida law. Finally, 1550 argues that permitting the use of the disputed rebuttal witnesses would prolong discovery and trial, requiring 1550 to spend more time and money preparing for these witnesses.

The Court agrees with 1550. None of QBE's arguments show "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369. Rather, they are mere restatements of QBC's arguments in its response to 1550's Motion to Strike. Therefore, QBE has not met its burden and the Court need not reconsider the Order. Accordingly, it is hereby

ORDERED that QBE's Motion for Reconsideration is hereby DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 13th day of July 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE