# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22283-CIV-LENARD/GARBER

**1550 BRICKELL ASSOCIATES,**

     Plaintiff,

v.

**Q.B.E. INSURANCE CORPORATION,**

     Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDERS (D.E. 301)</u>

**THIS CAUSE** is before the Court on Defendant Q.B.E. Insurance Corporation's ("QBE") Appeal of the Magistrate Judge's May 13, 2010, Order Granting Motion to Strike Rebuttal Witnesses and the Magistrate Judge's July 13, 2010, Order Denying Reconsideration ("Appeal," D.E. 301), filed on July 27, 2010. On August 13, 2010, Plaintiff 1550 Brickell Associates ("1550") filed its response in opposition to the Appeal ("Response," D.E. 308), to which QBE filed its reply ("Reply," D.E. 310)[1] on August 23, 2010. Having considered the Appeal, Response, Reply, the Magistrate Judge's May 13, 2010, and July 13, 2010, Orders, the related pleadings, and the record, the Court finds as follows.

---

[1]     The Court notes that neither the Federal Rules of Civil Procedure nor the Local Rules for the Southern District of Florida provide for the filing of a reply in support of an appeal.

I.    **Background**[2]

This case involves 1550's attempt to collect the proceeds of an insurance policy underwritten by QBE after Hurricane Wilma severely damaged a pair of insured buildings near downtown Miami.  On March 11, 2009, the Magistrate Judge denied QBE's motion to strike 1550's expert witness disclosures as untimely but permitted QBE to file an amended expert witness list to include any rebuttal experts needed to oppose 1550's expert testimony.  (See D.E. 192.)  On February 23, 2010, 1550 filed a renewed motion to strike two of QBE's three listed rebuttal experts, Brian Jarvinen ("Jarvinen") and Dr. John Peterka ("Peterka").  (See D.E. 257.)  The Magistrate Judge held a hearing on the matter on May 13, 2010.  (See D.E. 273.)

That same day, the Magistrate Judge issued his Order granting 1550's motion to strike.  The Magistrate Judge specifically found that, "[a]fter hearing oral argument and considering the filings, it is apparent to the Court that Mr. Jarvinen and Mr. Perteka [sic] would be testifying on entirely new subject areas cloaked under the guise of the more general topic of 'causation.'" (D.E. 270 at 3.)  The Magistrate Judge found that "QBE is trying to use their rebuttal witnesses to introduce new topics."  (Id.)  Furthermore, the Magistrate Judge found allowing testimony from Jarvinen and Peterka would prejudice 1550 and that prejudice could not be cured through other means.  (Id.)  Finally, the Magistrate Judge found their

---

[2]     A more detailed explanation of the underlying facts and relevant procedural history can be found in the Court's March 6, 2008, Order denying QBE's motion to dismiss (See D.E. 53) and the Magistrate Judge's Orders that are the subject of this Appeal (See D.E. 270, 294).

testimony was cumulative to the testimony of other witnesses disclosed by QBE.  (<u>Id.</u>)

On May 27, 2010, QBE filed a motion for reconsideration of the Magistrate Judge's May 13, 2010, Order.  (<u>See</u> D.E. 275.)  On July 13, 2010, the Magistrate Judge issued its Order denying QBE's motion for reconsideration and finding QBE's motion was merely a restatement of its prior arguments.  (<u>See</u> D.E. 294.)

## II.    Appeal of Magistrate Judge's Orders

QBE appeals the Magistrate Judge's striking of its rebuttal expert witnesses and the denial of reconsideration.  QBE argues the Magistrate Judge erred in that: (1) his rulings were "premature"; (2) Jarvinen and Peterka's testimony falls within the same subject matter as that of 1550's experts; and (3) their testimony is not cumulative.  First, relying upon <u>Safranek v. Wal-Mart Stores, Inc.</u>, Case No. 07-61533-CIV-Marra (S.D. Fla. July 14, 2010), QBE argues the matter is premature until the Court has heard the expert testimony provided by 1550.  Second, QBE argues the Magistrate Judge adopted an unduly narrow reading of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure and QBE's experts should be able to testify as to wind calculations because 1550's causation expert, John Pistorino ("Pistorino") will rely upon testimony related to wind calculations as part of his opinion. Finally, QBE argues the Magistrate Judge could not properly make a determination under Rule 403 of the Federal Rules of Evidence as to whether the rebuttal expert testimony was cumulative until such experts had been deposed.

In response, 1550 characterizes as immaterial QBE's arguments that the Magistrate

Judge's determination was premature and its rebuttal testimony is not cumulative. Distinguishing Safranek, 1550 argues that case involved a threshold determination that the proffered rebuttal testimony was properly offered to directly rebut the testimony of the plaintiffs' expert. As to QBE's second argument, 1550 argues the Magistrate Judge applied a proper reading of Rule 26(a)(2)(C) but merely found that Jarvinen's and Peterka's testimony should be stricken because it pertained to matters distinct from those presented by 1550's experts.

## III.    Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), this Court reviews the Magistrate Judge's Orders to determine whether they are "clearly erroneous or contrary to law." See In re Commr's Subpoenas, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003). Findings of fact "are 'clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002) (citing Univ. of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535 (11th Cir. 1985)). A review of the Magistrate Judge's application of the law is de novo, as the "application of an improper legal standard . . . is never within a court's discretion." Id. (internal citation omitted).

## IV.    Discussion

The Court finds the Magistrate Judge's rulings were neither clearly erroneous nor

contrary to law.  Rule 26(a)(2)(C)(ii) sets forth that rebuttal experts may be permitted to present "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party."  QBE disclosed Jarvinen as an expert to testify regarding the weather conditions and wind speeds at the insured property during Hurricane Wilma. (See D.E. 203.)  QBE disclosed Peterka as an expert to testify regarding wind calculations and "the effects of wind on the subject buildings."  (Id.)  In essence, QBE has contended that this testimony is necessary because 1550's causation expert Pistorino will rely upon testimony from James Trowbridge ("Trowbridge") regarding causation.  1550 contends Trowbridge is a fact witness who will not testify regarding wind speeds or anything related to causation.[3]  Rather, 1550 contends Trowbridge's testimony is limited to the conditions of 1550's roof immediately following the hurricane.  After considering Trowbridge's deposition testimony and the positions of the Parties at the hearing, the Magistrate Judge determined that Jarvinen's and Peterka's testimony did not fall within the same subject matter as 1550's experts.  Such a finding was neither unreasonable nor clearly erroneous.  This conclusion was not based upon a finding that QBE's experts did not possess the same background or specialty.  Thus, QBE's reliance upon Safranek and related arguments are inapposite. Additionally, the Magistrate Judge concluded QBE was attempting to use its opportunity to call rebuttal experts to introduce new areas of testimony.  The Magistrate Judge further considered the testimony cumulative to other causation testimony.  The Court agrees and

---

[3]    1550 indicates Trowbridge was only listed on its expert witness disclosure as a precaution due to Pistorino's reliance upon his testimony.

finds the Magistrate Judge's conclusions were neither clearly erroneous nor contrary to law. Additionally, the Court finds QBE's argument that the determination was premature to be without merit.  There is no need to delay such a decision where QBE's proffered experts fall so far outside the gamut of 1550's proposed testimony.  The Court also finds that the Magistrate Judge did not err in denying reconsideration where QBE merely re-litigated issues already decided, as it has done throughout this case.  Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that the Magistrate Judge's May 13, 2010, Order (D.E. 270) and the Magistrate Judge's July 13, 2010, Order (D.E. 294) are **AFFIRMED** and Defendant's Appeal (D.E. 301) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of November, 2010.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**