UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22283-CIV-LENARD/GARBER

**1550 BRICKELL ASSOCIATES,**

    Plaintiff,

v.

**Q.B.E. INSURANCE CORPORATION,**

    Defendant.
_____/

<u>**ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE COUNTS I AND III (D.E. 291)**</u>

**THIS CAUSE** is before the Court on Defendant Q.B.E. Insurance Corporation's ("QBE") Motion to Bifurcate Counts I and III ("Motion," D.E. 291), filed on July 6, 2010. On July 23, 2010, Plaintiff 1550 Brickell Associates ("1550") filed its response in opposition ("Response," D.E. 297), to which QBE filed its reply ("Reply," D.E. 306) on August 2, 2010. Having considered the Motion, related pleadings, and the record, the Court finds as follows.

    **I.**    **Background**

This case involves 1550's attempt to collect the proceeds of an insurance policy underwritten by QBE after Hurricane Wilma severely damaged a pair of insured buildings near downtown Miami. On August 31, 2007, 1550 filed its Complaint alleging three counts against Defendant: breach of contract (Count I); breach of duty of good faith and fair dealing (Count II); and one count for declaratory judgment (Count III). Part of the basis for 1550's

Complaint was that QBE had manipulated the appraisal process.

On September 26, 2007, QBE moved to stay this action and compel appraisal. (See D.E. 4, 5.) QBE's motion sought to stay the action pending completion of the appraisal process. On October 17, 2007, QBE moved for leave to file an amended motion to compel appraisal and stay the litigation. (See D.E. 8.) On November 13, 2007, the Court denied QBE's motion to stay and compel appraisal and denied as moot QBE's motion to amend. (See D.E. 13.)

On November 15, 2007, QBE moved for clarification or reconsideration of the Court's November 13, 2007, Order. (See D.E. 15.) On December 4, 2007, the Court denied QBE's motion for clarification or reconsideration. (See D.E. 22.)

On December 5, 2007, QBE filed a notice of appeal of the Court's November 13, 2007, Order. (See D.E. 23.) On December 12, 2007, QBE again moved to stay the litigation and argued that the appraisal process in this case was really arbitration. (See D.E. 25.) On December 17, 2007, QBE also moved for relief from the Court's order requiring QBE finally file a response to 1550's Complaint. (See D.E. 27.) On December 19, 2007, the Court denied both motions and instructed QBE that default would be entered if it failed to respond to the Complaint. (See D.E. 29.)

On December 21, 2007, QBE filed its motion to dismiss the Complaint. (See D.E. 31.) On March 6, 2008, the Court denied QBE's motion to dismiss. (See D.E. 53.)

On March 24, 2008, the Eleventh Circuit denied QBE's motion to stay. (See D.E. 56.)

On July 22, 2008, the Eleventh Circuit dismissed QBE's appeal of the Court's November 13, 2007, Order denying QBE's motion to compel appraisal. (See D.E. 109.)

On September 17, 2009, the Court sua sponte stayed and administratively closed this case, stating in part:

> On March 9, 2009, the Eleventh Circuit certified, inter alia, the following question to the Florida Supreme Court, "[d]oes Florida law recognize a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time?" Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp., 561 F.3d 1267, 1274 (11th Cir. 2009). That issue is currently pending before the Florida Supreme Court. See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., Case No. SC09-441. Count II of the Complaint in this action alleges Defendant breached the implied covenant of good faith and fair dealing by failing to timely investigate Plaintiff's claim. (See D.E. 1.) Because the Florida Supreme Court's decision could potentially render issues in this case moot, it is hereby ORDERED AND ADJUDGED that this case is STAYED and ADMINISTRATIVELY CLOSED pending the Florida Supreme Court's decision in QBE Insurance Corporation v. Chalfonte Condominium Apartment Association, Inc., Case No. SC09-441, whereupon the Parties shall have twenty (20) days to file a status report indicating the Parties' positions as to the reopening of the case.

(D.E. 252.) On October 19, 2009, 1550 filed a motion to reopen the case and voluntarily dismiss Count II of the Complaint. (See D.E. 253.) On January 5, 2010, the Court granted 1550's motion, stating in part:

> Plaintiff's Motion seeks to reopen this case, voluntarily dismiss Count II, and lift the stay, in order to avoid further delay. Accordingly, after weighing the relevant equities and doing justice between the parties, as Defendant has not demonstrated that it would suffer any "clear legal prejudice" or lose any substantial right, see Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-1256 (11th Cir. 2001); McCants v. Ford Motor Co., 781 F.2d 855, 856-57 (11th Cir. 1986), as a result of Plaintiff voluntarily dismissing Count

3

    II, it is hereby ORDERED AND ADJUDGED that: (1) Plaintiff's Motion to Reopen is GRANTED; (2) Count II of the Complaint is DISMISSED WITHOUT PREJUDICE; (3) the stay is LIFTED; and (4) this case is REOPENED.

(D.E. 256.) On April 16, 2010, the Court issued a revised trial order re-setting this case for trial on November 22, 2010. (See D.E. 266.)

### II.    Motion

QBE's Motion seeks to bifurcate 1550's breach of contract claim from its declaratory relief claim. Specifically, QBE wishes the case proceed initially only as to Count III. QBE states that a limited determination can be made then as to whether the binding effect of the City of Miami's May 2006 letter must be established in order for the appraisal process to proceed. QBE argues that once Count III is determined and the appraisal process is completed, then the breach of contract claim could proceed to a jury trial, if necessary. QBE argues bifurcation would avoid inconvenience, expedite the resolution of this case, and economize the resources of the Court. (See Motion at 5.) QBE also suggests that it would be prejudiced if bifurcation is not permitted. (Id. at 6.)

In response, 1550 argues that QBE is merely attempting to delay this litigation yet again under the guise of completing appraisal. 1550 points to this Court's and the Eleventh Circuit's numerous denials of QBE's attempts to stay litigation and compel appraisal. 1550 also argues that the appraisal panel has "long since been disbanded due to QBE's unfortunate conduct." (See Response at 2.)

In reply, QBE argues that 1550's assertions as to the status of the apprisal panel are

4

contradicted by its statements in the Complaint that the appraisal process has not yet been concluded.  (See Reply at 2-4.)

**III.    Discussion**

Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The decision of whether to bifurcate a trial is discretionary.  See e.g., Brown v. Toscano, 630 F. Supp. 2d 1342, 1345-46 (S.D. Fla. 2008).  In addition, the moving party bears the burden of demonstrating the benefits of bifurcation.  See e.g., Computer Assocs. Int'l, Inc. v. Simple.com, Inc., 247 F.R.D. 63, 67 (E.D.N.Y. 2007).

The Court finds bifurcation inappropriate in this case.  Contrary to QBE's arguments, bifurcation would be inconvenient and would only serve to delay this litigation further.  Moreover, it would prejudice 1550 through additional unnecessary delay.  Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Bifurcate Counts I and III (D.E. 291), filed on July 6, 2010, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of November, 2010.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**