## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22283-CIV-LENARD/GARBER

**1550 BRICKELL ASSOCIATES,**

      Plaintiff,

v.

**QBE INSURANCE CORPORATION,**

      Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF, OR REFERENCES TO, CLAIMS HANDLING PRACTICES, BAD FAITH OR GOOD FAITH AND FAIR DEALING (D.E. 287)

**THIS CAUSE** is before the Court on Defendant QBE Insurance Corporation's Motion *in Limine* to Preclude Evidence of, or References to, Claims Handling Practices, Bad Faith or Good Faith and Fair Dealing ("Motion," D.E. 287), filed on July 6, 2010. On July 23, 2010, Plaintiff 1550 Brickell Associates filed its response in opposition to Defendant's Motion ("Response," D.E. 298), to which Defendant filed its reply ("Reply," D.E. 302) on August 2, 2010. Having considered the Motion, Response, Reply, related pleadings, and the record, the Court finds as follows.

### I.    Background

This case involves Plaintiff's attempt to collect the proceeds of an insurance policy underwritten by Defendant after Hurricane Wilma severely damaged a pair of insured

buildings near downtown Miami.  Plaintiff originally brought this action alleging breach of contract and breach of the duty of good faith and fair dealing.[1]  (See D.E. 1.)  On September 17, 2009, the Court stayed and administratively closed this action pending the Florida Supreme Court's resolution of the issue certified to it by the Eleventh Circuit as to whether Florida law recognizes a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time.  (See D.E. 252.)  That question remains pending.  Plaintiff subsequently moved to reopen this case and voluntarily dismiss its good faith claim in order to proceed to trial.  (See D.E. 253.)  On January 5, 2010, the Court granted Plaintiff's request, permitted Plaintiff to voluntarily dismiss the good faith claim, and reopened this case.  As such, only Count I (breach of contract) and Count III (declaratory relief) of Plaintiff's Complaint remain at issue.

## II.   Defendant's Motion

Defendant moves to preclude Plaintiff from presenting any evidence of (or reference to) its claims handling practices, bad faith, or good faith and fair dealing.  Defendant contends that any evidence related to its claims handling procedures is irrelevant as this is now only a breach of contract action.  Defendant further contends that such evidence would confuse the issues, mislead the jury, and prejudice Defendant.  Thus, Defendant asks such evidence be excluded pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

---

[1]     Count III of the Complaint additionally seeks a declaratory judgment that the City of Miami's determination as to the need to replace certain windows and sliding glass doors is binding.

In response, Plaintiff argues that Defendant's Motion is vague and overbroad as to the evidence it seeks to exclude.  Plaintiff also contends that evidence related to Defendant's claims handling is relevant and "germane" to its lawsuit.  (Response at 2.)

In reply, Defendant takes issue with Plaintiff's characterization of claims handling evidence as "germane" to its case and states that such evidence is unnecessary to resolve whether Plaintiff has a covered loss and whether Defendant breached the contract by not paying the covered loss.  Defendant argues such evidence is relevant in a bad faith action but not a breach of contract action.  Thus, Defendant reiterates that evidence of its claims handling practices is irrelevant, unfairly prejudicial, and confusing.

### III.   Discussion

Rules 401-403 of the Federal Rules of Evidence set forth the basic rules controlling the admissibility of evidence.  Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Only relevant evidence is admissible under Rule 402.  Finally, pursuant to Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Another court in this District was recently presented with the same exact issue involving the same Defendant in <u>Royal Bahamian Association, Inc. v. QBE Insurance</u>

Corporation, 2010 U.S. Dist. LEXIS 115304 (S.D. Fla. Oct. 25, 2010).  In that case, the Magistrate Judge ruled that evidence pertaining to Defendant's handling of the claim at issue and any other claims handling practices was irrelevant and presented a real danger that testimony would "morph the proceeding into a not-yet filed bad faith claim, thereby prejudicing Defendant."  Id. at *6-7.  Other courts have similarly held such evidence is irrelevant and/or prejudicial in an action solely for breach of contract.  See Kennedy v. Provident Life and Accident Ins. Co., 2009 U.S. Dist. LEXIS 93387 at *4-6 (S.D. Fla. 2009) ("Under both Florida and Kentucky law, documents and testimony regarding the insurer's claims handling or general business practices are irrelevant to the issue of whether the insured is entitled to the coverage claimed and may only be relevant to a claim of bad faith").

The Court finds persuasive the reasoning in Royal Bahamian and Kennedy.  This is no longer a bad faith case.  All that remains for the jury to determine is whether (1) Plaintiff's damages from Hurricane Wilma are covered under the insurance policy such that Defendant breached the contract by failing to pay and (2) whether the City of Miami's determination as to the need for replacement of certain items is binding.  (See Amended Joint Pretrial Stipulation, D.E. 311.)  Evidence pertaining to Defendant's claims handling practices or alleged bad faith with regard to this claim is irrelevant.  Such evidence also carries a high risk of prejudice and could very easily confuse the issues for the jury.  Nevertheless, as Plaintiff points out in its brief, without any concrete proffer of evidence or testimony sought to be excluded the Court necessarily leaves open whether any evidence relevant to Plaintiff's

claims but also touching upon Defendant's claims handling practices might be admissible at trial.   Accordingly, it is **ORDERED AND ADJUDGED** that Defendant QBE Insurance Corporation's Motion *in Limine* to Preclude Evidence of, or References to, Claims Handling Practices, Bad Faith or Good Faith and Fair Dealing (D.E. 287), filed on July 6, 2010 is **GRANTED IN PART**.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of December, 2010.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**