UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22283-CIV-LENARD/GARBER

1550 BRICKELL ASSOCIATES,

    Plaintiff,

v.

Q.B.E. INSURANCE CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S TRIAL MEMORANDUM

Plaintiff 1550 Brickell Associates, Inc. ("1550") submits this Trial Memorandum to confirm the scope of the issues to be addressed at the trial of this matter.

### I. The Appraisal Issue Has Been Waived

Since the outset of this litigation, Defendant QBE Insurance Corporation ("QBE") has asserted that this matter may not proceed because of the appraisal provision contained in the insurance policy at issue here. That is, that the parties were required to complete an appraisal exercise before litigation would be permitted. *See* D.E. 4 & 5, Defendant's Motion to Stay Litigation and Compel Appraisal. That motion was denied by the Court. [D.E. 13].

Mischaracterizing the Court's ruling rejecting the request for a stay as an order denying "arbitration," which it clearly was not, QBE attempted to appeal that ruling to the United States Circuit Court of Appeals for the Eleventh Circuit. [D.E. 23]. That appeal was summarily rejected.

1

QBE then moved to dismiss the complaint in this action on the same basis. *See* D.E. 31, Motion to Dismiss and Incorporated Memorandum of Law. That motion was also denied by the Court. [D.E. 53].

Throughout these efforts, QBE characterized this issue as a "matter of law," describing appraisal as a "condition precedent" to the right of a policyholder to maintain an action on the policy. When it finally got around to answering the complaint, it once again asserted, this time as its First Affirmative Defense, that the action should be dismissed because the policy required that the appraisal process proceed before litigation could be initiated. [D.E. 73, at 6]. Acknowledging the Court's prior rulings on this issue, QBE merely noted that this defense was being asserted "to preserve it for appellate review." *Id.*

As a Sixth Affirmative Defense, QBE asserted that this Court lacked subject matter jurisdiction because this is a "legal action which is taking place prior to resolution in appraisal." *Id.,* at 8. Acknowledging the failure of this argument before the Court, QBE again noted that this defense was being asserted merely to preserve it for appellate review. *Id.*

QBE has taken no further steps to address this issue with the Court. It mentioned appraisal once again in its Motion to Bifurcate Counts I and III, suggesting that the resolution of the issue in Count III, would allow the "appraisal process to proceed in a full and fair manner." [D.E. 291, at 2]. QBE never indicated how appraisal was to proceed at all. In any event, the motion was denied, with the Court stating that the motion would only serve to delay this litigation and would further "prejudice 1550 through additional unnecessary delay." [D.E. 325, at 5].

Assuming that the policy requires appraisal to proceed in advance of litigation -- with which 1550 disagrees, the policy language being clearly to the contrary -- and assuming that the aborted appraisal effort had not been irretrievably tainted -- which it was -- then this issue could be argued to be dispositive of this matter.  That being the case, QBE was required to address this issue by July 6, 2010.  *See* Order Adopting Revised Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures. ("July 6, 2010 - All dispositive pretrial motions and memoranda of law must be filed…")  [D.E. 266, at 3].  QBE failed to do so.

Whether the appraisal issue has been properly preserved for appeal remains to be determined by the appellate court, if and when it is raised in that forum.  For purposes of this Memorandum, however, it is clear that the appraisal issue is no longer before this Court and is certainly not an issue to be addressed by the jury.  The Court gave QBE until July 6, 2010, to raise dispositive issues.  It failed to do so.  The appraisal issue has been waived for purposes of trial.

Dated:  January 3, 2011

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.
200 S. Biscayne Blvd., Suite 4000
Miami, Florida  33131
Tel.:   305.577.7056
Fax.   305.577.7001

Counsel for Plaintiff, 1550 Brickell Associates


By:     */s/ Alvin B. Davis*
        Alvin B. Davis
        Florida Bar No. 218073
        adavis@ssd.com
        Tania Cruz
        Florida Bar No. 0899151
        tcruz@ssd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Melissa M. Sims, Esq.
William S. Berk, Esq.
2 Alhambra Plaza, Suite 700
Coral Gables, Florida 33134

Spike Wicker, Esq.
Amy M. De Martino, Esq.
Wicker, Smith, et al.
Grove Plaza Building - 5th Floor
2900 Middle Street
Miami, Florida  33133

and

Raoul G. Cantero
Maria J. Beguiristain
WHITE & CASE LLP
Wachovia Financial Center
Suite #4900
200 S. Biscayne Blvd.
Miami, Florida  33131

                                                               */s/ Tania Cruz*
                                                                Tania Cruz

MIAMI/4262980.1
01/03/11